United States District Court
Southern District of Texas

**ENTERED**
July 17, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NUMBER H-21-584 |
| | § | |
| RAYTWAIN CROOKSHANK, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Raytwain Crookshank ("Defendant") pled guilty to one count of Possession with the Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and was sentenced to 240 months' imprisonment.[1]   Pending before the court is Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018 ("Motion for Compassionate Release") (Docket Entry No. 52).   The Government has filed the United States' Response to Crookshank's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)(I) and the First Step Act of 2018 ("Government's Response") (Docket Entry No. 56). For the reasons explained below, Defendant's Motion for Compassionate Release will be denied.

---

[1]Superseding Indictment, Docket Entry No. 23, pp. 1-2; Rearraignment, Docket Entry No. 32; Judgment in a Criminal Case, Docket Entry No. 47, p. 2.  For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

## I.  <u>Background</u>

The Drug Enforcement Agency began conducting surveillance at Defendant's primary residence after the Houston Police Department received an anonymous tip identifying Defendant as a kilogram heroin distributor.[2]  After months of surveillance, investigators executed a search warrant at Defendant's primary residence and at his "stash" house on November 18, 2021.[3]  Investigators uncovered four kilograms of heroin, over ten kilograms of methamphetamine, and multiple firearms.[4]

On December 14, 2021, a grand jury returned an indictment, charging Defendant with a single count of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[5]  On July 28, 2022, a three-count Superseding Indictment was filed, charging Defendant with one count of  Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count One); one count of Possession with the Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count Two); and one count of Possession with the Intent to Distribute Fentanyl, in violation of 21 U.S.C.

---

[2]Presentence Investigation Report, Docket Entry No. 41, p. 4 ¶¶ 4–5 (sealed).

[3]<u>Id.</u> at 5–7 ¶¶ 12–16.

[4]<u>Id.</u>

[5]Indictment, Docket Entry No. 7, p. 1.

§§ 841(a)(1) and 841(b)(1)(A) (Count Three).[6]  On November 21, 2022, Defendant pleaded guilty to Count Two of the Superseding Indictment pursuant to a Plea Agreement.[7]  On March 17, 2023, the court sentenced Defendant to 240 months' imprisonment and five years of supervised release.[8]  Defendant did not appeal his conviction or sentence.

On January 2, 2024, Defendant filed an unopposed motion for a sentence reduction pursuant to Retroactive Guideline Amendment 821.[9]  On January 18, 2024, the court reduced Defendant's sentence from 240 months to 213 months pursuant to retroactive Guideline Amendment 821.[10]

On November 2, 2025, Defendant filed a Motion for Compassionate Release.[11]  The Government filed its response on March 4, 2026, and Defendant did not file a reply.[12]

---

[6]Superseding Indictment, Docket Entry No. 23, pp. 1-2.

[7]Presentence Investigation Report, Docket Entry No. 41, p. 3 ¶ 2 (sealed).

[8]Judgment in a Criminal Case, Docket Entry No. 47, pp. 2-3.

[9]Unopposed Motion for Sentence Reduction Pursuant to Retroactive Guideline Amendment 821 Under Seal, Docket Entry No. 49, p. 1 (sealed).

[10]Judgment in a Criminal Case, Docket Entry No. 50.

[11]Motion for Compassionate Release, Docket Entry No. 52, pp. 34-36.

[12]Government's Response, Docket Entry No. 56.

## I.  Legal Standard

In <u>United States v. Jackson</u>, 27 F.4th 1088 (5th Cir. 2022), the court stated the requirement for obtaining compassionate release under § 3582(c):

> . . . [A] prisoner seeking compassionate release must overcome three hurdles.  First, "extraordinary and compelling reasons" must justify the reduction of his sentence.  18 U.S.C. § 3582(c)(1)(A)(i).  Second, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."  <u>Id.</u> § 3582(c)(1)(A).  Finally, the prisoner must persuade the district court that his early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a).  <u>Id.</u> "The district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction."  <u>Ward v. United States</u>, 11 F.4th 354, 360 (5th Cir. 2021).

<u>Jackson</u>, 27 F.4th at 1089.

"We understand 'extraordinary' to mean 'beyond or out of the common order,' 'remarkable,' and synonymous with 'singular.'" <u>United States v. Escajeda</u>, 58 F.4th 184, 186 (5th Cir. 2023) (quoting <u>Webster's New International Dictionary</u> 903 (2d. ed. 1934; 1950)).  Under the United States Sentencing Guidelines, "district courts may consider the following extraordinary and compelling circumstances in their analysis:  (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) whether the defendant, while in custody, was a victim of abuse; (5) other reasons similar in gravity to those previously described; and (6) a change in the law resulting in the defendant receiving an unusually long sentence." <u>United States v.</u>

Hamilton, Criminal Action No. H-17-418, 2024 WL 4052336, at *2 (S.D. Tex. Aug. 19, 2024).

The § 3553(a) factors are:

(1)   the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)   the need for the sentence imposed–

    (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)   to afford adequate deterrence to criminal conduct;

    (C)   to protect the public from further crimes of the defendant; and

    (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)   the kinds of sentences available;

(4)   the kinds of sentence and the sentencing range established for–

    (A)   the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–

\* \* \*

(5)   any pertinent [Sentencing Commission] policy statement–

\* \* \*

(6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)   the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

### III.  <u>Analysis</u>

After exhausting his administrative remedies, Defendant filed a Motion for Compassionate Release with the court, arguing that he is entitled to a sentence reduction because (1) he is not receiving the long-term medical care he needs for his various medical conditions and (2) there are various factual disputes surrounding his sentencing.[13]

**A.    Defendant has not demonstrated extraordinary and compelling reasons for reducing his sentence.**

1.    <u>Health of the Defendant</u>

Defendant argues that he is entitled to compassionate release under § 1B1.13(b)(1)(C) because he is not receiving the long-term care that he needs for his hypertension, hemorrhoids, kidney and lung problems, significant leg swelling, a ruptured spleen, pain from a titanium rod in his left arm, and a lump on the left side of his neck.[14]

To prevail under § 1B1.13(b)(1)(C), a defendant "must establish that [he] is suffering from (1) a medical condition (2) that requires long-term or specialized medical care (3) that is not being provided and (4) without which [he] is at risk of death or serious deterioration in [his] health."  <u>Hamilton</u>, 2024 WL 4052336, at *5.

---

[13]Defendant's Motion for Compassionate Release, Docket Entry No. 52, pp. 16–27.

[14]<u>Id.</u> at 16–17.

Defendant has failed to establish that he is not being provided long-term medical care.  Although Defendant alleges without evidence that "the BOP has failed to provide [him] with proper and continuous medical care," he admits that he has been seen by numerous "qualified doctors."[15]  Defendant's "disagreement with the care and treatment [he] is receiving . . . does not establish that [he] is being denied long-term . . . medical care." Hamilton, 2024 WL 4052336, at *6 (holding that the defendant was not being deprived of long-term care despite not receiving "all of the medications recommended by the [doctor]").

### 2.   Factual Disputes

Defendant argues that he is entitled to a sentence reduction because (1) he pleaded guilty to possessing 7,996 grams of methamphetamine but was held accountable for 38,250 kilograms of converted drug weight, (2) the two-level enhancement for maintaining a drug premises was erroneously applied to his case, making his guideline range incorrect, and (3) his sentence differs from defendants with similar records who have been guilty of similar conduct.[16]

---

[15]Id. at 17.

[16]Id. at 21–30.  Defendant argues that there are disparities between his sentence and the sentences of other similarly situated defendants.  However, even if this claim is cognizable under § 3582(c), it fails because Defendant provides no support to establish that his sentence differs from similarly situated defendants.  See United States v. Ohumole, Criminal Case No. 4:19-
(continued...)

However, Defendant's claims are not cognizable as a matter of law under § 3582(c)(1)(A) because "a prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence." Escajeda, 58 F.4th at 187.  Instead, the proper vehicle to raise these claims is a § 2255 motion.  See United States v. Bailentia, CASE NO. 1:11-CR-96, 2023 WL 4175158, at *2 (E.D. Tex. June 25, 2023) ("[T]o the extent that [the defendant] is relying on his present motion for compassionate release/reduction in sentence as a vehicle to attack his conviction and sentence under § 2255, without seeking the requisite authorization from the Fifth Circuit, he is barred from doing so.").  Therefore, "[b]ecause [Defendant]'s claims would have been cognizable under § 2255, they are not cognizable under § 3582(c)."  Escajeda, 58 F.4th at 188.

**B.    The § 3553(a) factors counsel against a reduction.**

Defendant argues that the § 3553(a) factors support compassionate release because "[he] has demonstrated a profound and sustained commitment to self-improvement, personal growth, and readiness for productive re-entry into society."[17]

The court first considers the nature and circumstances of the offense.  See 18 U.S.C. § 3553(a)(1).  In 2021 investigators

---

[16](...continued)
CR-00918, 2024 WL 2725031, at *6 (S.D. Tex. May 27, 2024) ("[Defendant] has cited no examples of similarly situated defendants who received lower sentences.").

[17]Defendant's Motion for Compassionate Release, Docket Entry No. 52, pp. 30-34.

executed a search warrant at Defendant's primary residence and at his "stash" house.[18]   Investigators uncovered four kilograms of heroin, over ten kilograms of methamphetamine, and multiple firearms.[19]   Defendant possessed these drugs and firearms while on parole for a twenty-year prison sentence for felon in possession of a weapon.[20]   Defendant's role in such a serious offense makes a sentence reduction inappropriate.

The court next considers the need for the sentence imposed. See 18 U.S.C. § 3553(a)(2).   Defendant possessed four kilograms of heroin, over ten kilograms of methamphetamine, and multiple firearms while being on parole for a conviction for a felon in possession of a weapon.   Moreover, Defendant has an extensive criminal history, including five felony convictions and six misdemeanor convictions involving possession of controlled substances, possession of firearms, or assaultive conduct.[21]   While the court appreciates Defendant's rehabilitative efforts, "they are not enough to outweigh the court's obligation to 'promote respect for the law,' 'provide just punishment,' and deter criminal conduct."   United States v. Ekene, Criminal Number H-19-633-02,

---

[18]Presentence Investigation Report, Docket Entry No. 41, pp. 5-7 ¶¶ 12-16 (sealed).

[19]Id.

[20]Government's Response, Docket Entry No. 56, p. 18.

[21]Presentence Investigation Report, Docket Entry No. 41, pp. 10-15 ¶¶ 35-47 (sealed).   Defendant has a total of six felony convictions and seven misdemeanor convictions.   Id.

2025 WL 2721383, at *5 (S.D. Tex. Sept. 24, 2025) (quoting 18 U.S.C. §§ 3553(a)(2)(A)-(B)).  Based on these serious circumstances, the court finds that the original sentence satisfies the fairness, deterrence, and public protection considerations of §§ 3553(a)(2)(A)-(C).

The court therefore concludes that the § 3553(a) factors weigh against granting Defendant's Motion for Compassionate Release.

## IV.  Conclusion and Order

For the reasons explained above, Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018 (Docket Entry No. 52) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 17th day of July, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-10-